# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

DAVID EUGENE HAM, )
)
    Movant, )
)
v. ) No. 4:09CV1388 JCH
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion will be summarily denied.

On August 7, 2008, movant pled guilty to possession of pseudoephedrine with knowledge that the pseudoephedrine was going to be used to manufacture methamphetamine. On October 24, 2008, the Court sentenced movant to 70 months' imprisonment to be followed by 2 years of supervised release. Movant did not file an appeal.

In the instant motion to vacate, movant claims that he suffers from a learning disability and has a diminished mental capacity. Movant says that his mental disabilities should have been disclosed to the Court during sentencing. Movant argues that his mental disabilities would have qualified him for a downward departure,

resulting in a sentence between 50 and 55 months. Movant does not argue that his sentence was imposed in violation of the Constitution or laws of the United States.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the Court is required to conduct an initial review of the motion. Upon review, the Court is required to summarily dismiss the motion "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief . . ." Rule 4 of the Rules Governing § 2255 Proceedings.

Under § 2255(a), a prisoner may seek "to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Movant's claim that he would have been subject to a downward departure had the Court considered his mental disabilities is not a cognizable ground for relief under § 2255(a). As a result, movant is not entitled to relief.

Additionally, movant pled guilty pursuant to a plea agreement. In the plea agreement, movant waived his right to bring a motion under § 2255 except for claims of prosecutorial misconduct or ineffective assistance of counsel. A waiver of collateral attack rights in a plea agreement is enforceable. <u>DeRoo v. United States</u>, 223 F.3d 919, 923 (8th Cir. 2000). Movant has not presented any reason why the waiver should

not be enforced in this case. For this reason as well, movant is not entitled to relief under § 2255.

Furthermore, movant has not made a substantial showing of the denial of a constitutional right. As a result, the Court will not issue a certificate of appealability.

Finally, to the extent that the instant motion should be construed as a motion to modify movant's sentence, the Court notes that it lacks jurisdiction to do so. See Fed. R. Crim. P. 35; 18 U.S.C. § 3582(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Order.

Dated this <u>25th</u> day of September, 2009.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE